IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:20-cv-689-DWD |
| CLINT TANNER, MEGAN VANPELT, | ) |
| VIRGINIA CHENG, TRAVIS JAMES, | ) |
| MORGAN WALKER, SHELBY HUEY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Plaintiff's Motion for Injunction or, in the Alternative, Written Court Order for Access to Law Library (Doc. 132). Also before the Court is Plaintiff's Objection to the Inability to Cross-Examine Defense Witnesses or Present Contemporaneous Objections to Unwarranted Testimony (Doc. 133).

In the Motion, Plaintiff indicates, although there are currently no motions pending on the docket, access to the law library is necessary for his participation in merits discovery and preparation for Defendants' anticipated motion for summary judgment. Plaintiff alleges he has "been refused 6 librarys and three weeks access." Therefore, Plaintiff requests an injunction or order allowing weekly access to the law library.

In the Objection, Plaintiff takes issue with the "prejudicial favoritism in favor of the Defense." Plaintiff notes he cannot be present to voice contemporaneous objections or cross-examine witnesses at depositions taken in discovery. Accordingly, he requests a ruling that allows his presence at all depositions taken during discovery.

Prisoners have a constitutional right to meaningful access to the courts. *See Brooks v. Buscher*, 62 F.3d 176, 179 (7th Cir. 1995) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th Cir. 1981)). This means prisoners "must receive 'that quantum of access to prison libraries—not total or unlimited access—which will enable them to research the law and determine what facts may be necessary to state a cause of action.' [Citation]." *Id.* (quoting *Hossman*, 812 F.2d at 1021; citing *Campbell v. Miller*, 787 F.2d 217, 226 (7th Cir. 1986), *cert. denied*, 479 U.S. 1019 (1986)). For example, security concerns may justify time, place, and manner restrictions. *See id.* (citing *Shango*, 965 F.2d at 292; *Caldwell v. Miller*, 790 F.2d 589, 606 (7th Cir. 1986)). As such, "inconvenient or highly restrictive regulations may be entirely appropriate and not violate a prisoner's constitutional right of access, as long as the restrictions do not actually completely deny meaningful access to the courts." *Id.* (citing *Hossman*, 812 F.2d at 1021). To determine whether a prison official has violated the right of access to the courts, the prisoner must prove the prison official "failed ' "to assist in the preparation and filing of meaningful legal papers" ' [Citation]." *Id.* (quoting *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992)). Further, the prisoner must "show 'some quantum of detriment caused by the challenged conduct.' [Citation]." *Id.* (quoting *Jenkins*, 977 F.2d at 268). Prison officials, within the constitutional requirement of meaningful access, may exercise wide discretion. *Id.* (quoting *Campbell*, 787 F.2d at 229).

Here, the Court notes the parties have recently begun merits discovery. (Doc. 127). Discovery closes on February 12, 2024, and dispositive motions are due March 11, 2024. (Doc. 127). However, as stated above, there are no motions on the merits presently

2

pending on the docket. It will be necessary for Plaintiff to obtain access to the law library at various times during the course of this matter; however, under the circumstances Plaintiff identifies, it is reasonable to assume Plaintiff is not always at the front of the line for access to the law library. Further, while Plaintiff indicates he has "been refused 6 librarys and three weeks access," he does not state whether the effect is a blanket denial of all access to the law library or a denial of the amount of time he wishes to spend in the law library. Given these facts and the distant deadline for completing merits discovery, the Court declines to question the prison officials' exercise of discretion in allocating the resources of the law library. In short, the Motion does not demonstrate Plaintiff, who has competently represented himself in this case, is being denied the constitutional right to meaningful access to the law library. Accordingly, Plaintiff's Motion is **DENIED**.

As noted, Plaintiff also objects to his perceived "inability to cross examine defense witnesses…or present contemporaneous objections to unwarranted testimony," but he fails to illuminate the specific circumstances in which he was or might in the future be denied such a right. Here, it is not clear that Plaintiff is asserting he has been denied access to a hearing or proceeding or that he has been excluded from scheduled depositions. Nevertheless, it is worthwhile to mention the Court has the discretion to decide whether a prison inmate can attend civil proceedings in connection with an action initiated by the inmate. *See Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005); *see also Matter of Warden of Wisc. State Prison*, 541 F.2d 177, 180 (7th Cir 1976) ("The due process requirements…do not grant a prisoner the right to attend court in order to carry on the civil proceedings which he initiates."). Accordingly, at present, the Objection is **OVERRULED**.

3

Finally, the Court recognizes, in the Motion and Objection, Plaintiff seeks counsel as alternative relief. Plaintiff's Motion for the Recruitment of Counsel remains pending at Doc. 128. All requests for counsel will be addressed in the resolution of that Motion.

**SO ORDERED.**

Dated: May 15, 2023.

s/ *David W. Dugan*

DAVID W. DUGAN
United States District Judge