IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:20-cv-689-DWD |
| CLINT TANNER, MEGAN VANPELT, | ) |
| VIRGINIA CHENG, TRAVIS JAMES, | ) |
| MORGAN WALKER, SHELBY HUEY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Plaintiff's Fourth Motion for the Recruitment of Counsel (Doc. 128) and Objection and Response to the Court's Order at Doc. 134 (Doc. 135). Plaintiff, an inmate at Menard Correctional Center, alleges deprivations of his constitutional rights under 42 U.S.C. § 1983. More specifically, Plaintiff alleges Defendants were deliberately indifferent to his mental health needs when stopping his mediation during the summer of 2018. Summary judgment was denied on the issue of exhaustion of administrative remedies (Doc. 126), and the case proceeded to merits discovery (Doc. 127). Discovery is due by February 12, 2024, and dispositive motions are due by March 11, 2024. (Doc. 127).

Now, in the Fourth Motion for Recruitment of Counsel, Plaintiff states he sent copies of the Memorandum & Order, denying summary judgment to Defendants, to attorneys at Uptown People's Law, Kirkland & Ellis, LLP, and Greensfelder, Hemker & Gale. (Doc. 128, pg. 1). However, "[n]o attorney will take a pro bono case because they have no chance of being compensated at all without a court appointment to recover some

expenses if they loose [*sic*]." (Doc. 128, pg. 1). Plaintiff, who was granted leave to proceed *in forma pauperis* (Doc. 8), notes he is without funds to hire an attorney. (Doc. 128, pg. 1). Further, Petitioner notes he has some college education, but he has "problems concentrating on and presenting cogent arguments as a non-attorney." (Doc. 128, pg. 2). He also cannot "obtain evidentiary depositions to support [his] claims, and will be left at a disadvantage up against a million dollar law firm." (Doc. 128, pg. 2). Plaintiff notes he takes medications, including lithium and Zoloft, for post-traumatic stress disorder and related mental health issues from serving in the United States Army. (Doc. 128, pg. 2).

Further, in the Objection and Response to the Order at Doc. 134, Plaintiff argues that Order is based on conclusory allegations, speculation, and conjecture. (Doc. 135, pg. 2). Plaintiff emphasizes he "merely seeks the 'quantum of access' [to the law library] for 'meaningful preparation' " and securing of evidence in this case. (Doc. 135, pgs. 2, 7). Plaintiff states, if he is lucky enough to be called to the law library for an hour-and-a-half a week, he will have no assistance in preparation and ten other inmates will be attempting to use the scarce materials and equipment that is barely operational. (Doc. 135, pg. 3). Plaintiff also notes, even if the discovery and dispositive motions deadlines are far off, they are nevertheless deadlines requiring preparation in the law library. (Doc. 135, pg. 4).

A plaintiff in federal civil litigation does not have a constitutional or statutory right to court-appointed counsel. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *accord Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). However, under § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Walker*, 900 F.3d at 938 ("An indigent litigant…may ask the court to

recruit a volunteer attorney to provide pro bono representation [under § 1915(e)(1)]."). The Court's discretionary decision on whether to recruit counsel is guided by two questions: (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so; and (2) whether, given the difficulty of the case, the plaintiff appears competent to litigate the case. *See Walker*, 900 F.3d at 938 (quoting *Pruitt*, 503 F.3d at 654); *accord Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). The first question presents a "threshold" burden for consideration under § 1915(e)(1). *See Pruitt*, 503 F.3d at 655; *Perry v. Sims*, 990 F.3d 505, 513 (7th Cir. 2021).

Here, the Court finds the Fourth Motion for Recruitment of Counsel fails to meet the "threshold" burden of showing reasonable attempts to secure counsel. (Doc. 128). Plaintiff states, without providing supporting documentation, he has sent documents to three law firms that will not take his case. (Doc. 128, pg. 1). Based on these assertions alone, the Court cannot assess whether Plaintiff's efforts to obtain representation were reasonable. To adequately demonstrate attempts to recruit counsel in any subsequent motion, Plaintiff must submit the names and addresses of at least three attorneys contacted for representation, the means by which he communicated with those attorneys (*e.g.*, by phone, letter, or email), the date of the communications, and the responses, if any, of the attorneys to his communications. *See Munz v. David*, No. 20-959, 2021 WL 2165119, *3 (S.D. Ill. May 27, 2021); *Rowe v. Warren*, No. 22-882, 2022 WL 3348791, *2 (S.D. Ill. Aug. 12, 2022). Plaintiff must also submit copies of any letter or email communication received from said attorneys. *See Rowe*, No. 22-882, 2022 WL 3348791, *2 (S.D. Ill. Aug. 12, 2022).

3

As an aside, though, the Court notes, as it did in the Order at Doc. 134, it does not appear Plaintiff is unable to competently litigate the case. When submitting filings and attachments to the Court, Plaintiff, who has some college education and at least two prior cases in the District, clearly and effectively articulates the issues before vigorously arguing for his preferred outcome. *See Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022) ("The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience.' "); (Doc. 128, pg. 2). In short, Plaintiff communicates effectively and appears to understand the necessary basic procedures and directives. Therefore, at this juncture in the case, with no motions pending and well before the lapse of the discovery and dispositive motion deadlines, the Court **DENIES** Plaintiff's Fourth Motion for the Recruitment of Counsel without prejudice. The Court emphasizes, to the extent Plaintiff encounters difficulties in meeting deadlines for discovery or dispositive motions, including those related to limited access to the law library, the Court will entertain requests for reasonable extensions of time.

For similar reasons, the Court **OVERRULES** Plaintiff's Objection at Doc. 135. Again, the Court understands Plaintiff's urgency to access the law library and the fact that the discovery and dispositive motions deadlines are, in fact, deadlines. However, in this case, those deadlines do not lapse until February 12 and March 11, 2024, respectively. Plaintiff himself acknowledges the demand for access to the law library and suggests that he could, if he is lucky, access the law library once a week for an hour-and-a-half. Indeed, Plaintiff's exhibit at page 15 of Doc. 135 indicates, "[l]aw library access is on a first come first served basis for those not on a verified legal deadline." But "[s]pecific legal materials

4

are available through institutional mail via library request." For these reasons, the Court cannot find Plaintiff is being denied the constitutional right to meaningful access to the law library and will not question the prison officials' allocation of library resources. Further, the Court must note, in these early stages of discovery, Plaintiff has still failed to illuminate the specific circumstances in which he was or might be excluded from any scheduled discovery event, such as a deposition. *See Brooks v. Buscher*, 62 F.3d 176, 179 (7th Cir. 1995) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th Cir. 1981)).

**SO ORDERED.**

Dated: June 13, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge