IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 3:20-cv-689-DWD |
| CLINT TANNER, MEGAN VANPELT, ) | |
| VIRGINIA CHENG, TRAVIS JAMES, ) | |
| MORGAN WALKER, SHELBY HUEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court are *pro se* Plaintiff's Objection to the Court's Defense of Defendants (Doc. 155) and Motion for Sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) (Doc. 156). Defendants filed a Response (Doc. 157) to those filings.

On August 10, 2023, Plaintiff filed a Motion for an Order Compelling Discovery, indicating Defendants failed to respond to his discovery requests. (Doc. 145). The Court ordered a response from Defendants, who indicated that they "regrettably discovered copies of Plaintiff's production requests…were received but were inadvertently misplaced." (Docs. 150 & 151). Defendants also informed the Court that they were preparing responses to Plaintiff's discovery requests, but that additional time was needed in order to complete those responses. (Docs. 150 & 151). Therefore, the Court granted Plaintiff's Motion for an Order Compelling Discovery and directed Defendants to respond to his discovery requests on or before September 15, 2023. (Doc. 151).

Now, in the Objection filed on September 27, 2023, Plaintiff argues Defendants, for

90 days, have obstructed discovery. (Doc. 155, pg. 1). Plaintiff notes the Court imposed a September 15, 2023, deadline for Defendants to respond to discovery requests, yet "as of the date this…[Objection] is submitted for filing (10) ten additional days will have elapsed and…[Plaintiff] still has received no filing or any discovery." (Doc. 155, pg. 1). In light of the alleged continuing obstruction and the passage of time, Plaintiff is concerned about meeting the discovery deadline of February 12, 2024. (Docs. 127; 155, pg. 2).[1]

Similarly, in the Motion for Sanctions filed on October 4, 2023, Plaintiff again argues Defendants, for 90 days, have obstructed discovery. (Doc. 156, pg. 1). Plaintiff notes the Court imposed a September 15, 2023, deadline for Defendants to respond to discovery requests, yet "now over 15 days past the deadline for that order, Defendants refuse to answer." (Doc. 156, pg. 1). Plaintiff seeks sanctions under Rule 37(b)(2)(A).

In Response to the Objection and Motion for Sanctions, Defendants dispute the assertion that they failed to comply with the September 15, 2023, deadline to respond to discovery requests. Specifically, Defendants state they "timely served their discovery responses on September 14, 2023, in advance of the September 15, 2023, deadline." (Doc.

---

[1] Plaintiff also expresses concern, as was done in the past, that he will not be able to attend depositions. (Doc. 155, pg. 3). However, as noted previously, it does not appear any depositions are presently scheduled. (Docs. 134, pg. 3; 137, pg. 5). Therefore, Plaintiff is not currently at risk of being excluded from a deposition, and the issue is not properly before the Court. Similarly, Plaintiff argues the Court is "withholding meaningful law library access and an attorney." (Doc. 155, pg. 3). While the Court denied requests for counsel for the reasons explained at Docs. 9, 15, 84, 137, it has never been the case that it "with[held] meaningful law library access." (Docs. 134 & 137). On May 15, 2023, the Court found Plaintiff did not show he was being denied the constitutional right to meaningful access to the law library, as he indicated he was "refused 6 librarys and three weeks access" but did not state whether that was a blanket denial or a denial of the time he wished to spend in the law library. (Docs. 134, pg. 3; 144). The Court also expressly stated, "[i]t will be necessary for Plaintiff to obtain access to the law library at various times during the course of this matter; however, under the circumstances Plaintiff identifies, it is reasonable to assume Plaintiff is not always at the front of the line for access to the law library." (Doc. 134, pg. 3). Certainly, if these issues arise or the circumstances change, Plaintiff may raise the issue to the Court.

157, pg. 2). As support, Defendants submitted Exhibit A to their Response, which includes internal emails of Defense Counsel directing the finalization and mailing of responses and attestations, a full document list, and an internal email of Defense Counsel with attached photographs that purportedly confirm a box with postage was mailed to Plaintiff at Menard Correctional Center on September 14, 2023. (Doc. 157-1, pgs. 2-4, 7-8).

Defendants received confirmation, via email, that the discovery responses and document production were received by Menard staff. (Docs. 157, pg. 2; 157-2). However, Defendants indicate they were subsequently informed by Menard staff, on September 18, 2023, "that the facility would not be able to have a facility staff member supervise Plaintiff's review of the documents." (Doc. 157, pg. 2). Menard staff requested that Defense Counsel, despite the fact that they did not represent Plaintiff in this case, "have their own staff member visit the facility to supervise Plaintiff's review." (Docs. 157, pg. 2; 157-4, pg. 2). These assertions are supported by Exhibit B to the Response, which depict internal emails between Defense Counsel and Menard staff, indicating:

> Since Mr. Peters cannot keep the documents in his possession, you will have to schedule an in-person legal visit with this individual so he can review the documents and you can take them back with you. We are not responsible for keeping track of the documents. I can keep the box sealed here until you schedule the visit and then you can take them back in your possession for the visits. I also attached the legal visit request form to submit. If you have any questions please let me know. Thank you.

(Doc. 157-2, pgs. 2-3).

Thereafter, on September 25, 2023, Defense Counsel arranged for a paralegal to travel to Menard for Plaintiff to review the documents. (Docs. 157, pg. 2). However, internal emails from Defense Counsel on October 2, 2023, attached as Exhibit C to the

3

Response, indicate Menard would not admit a paralegal and instead required an attorney to be present for Plaintiff's review. (Docs. 157, pg. 2; 157-3, pg. 2; 157-4, pg. 2). That same day, Defense Counsel scheduled an attorney visit with Plaintiff to facilitate the document review. (Docs. 157, pg. 2; Doc. 157-5, pg. 2). The visit was scheduled for two hours on October 4, 2023. (Doc. 157-5, pg. 2). Defendants attached Exhibit F, which is a Certificate of Satisfaction, that "confirms…on October 4, 2023…[Attorney Phillip C. Berra] appeared at Menard Correctional Center upon the facility's and Plaintiff's request and produced the following documents for Plaintiff's review and inspection consistent with the terms of the Court's confidentiality and protective order." (Doc. 157-6, pgs. 2-3). Menard "requested that all documents be taken back by defense counsel." (Docs. 257, pg. 3).

During the visit, Defendants indicate "Plaintiff was given the opportunity to review all documents produced," but he instead "lodge[d] complaints regarding mail service procedures[] [and] the content of the documents produced." (Doc. 157, pg. 3). Plaintiff also allegedly indicated he would be requesting the imposition of sanctions. (Doc. 157, pg. 3). About 45 minutes into the document review, Plaintiff allegedly "elected to end the visit." (Doc. 157, pg. 3). Plaintiff was taken back to his unit. (Doc. 157, pg. 3).

Here, the Court finds no sanctionable conduct on the part of Defendants. Indeed, based on the Response, it appears Defendants timely mailed documents, responsive to Plaintiff's discovery requests, to Plaintiff at Menard on September 14, 2023. Those documents apparently arrived at Menard within a few days. However, for reasons presently unknown to the Court, it seems Menard staff determined the responsive documents were inaccessible to Plaintiff until Defense Counsel, *i.e.*, Plaintiff's opponent

4

in this litigation, could travel to Menard and sit with Plaintiff during a review of the responsive documents. Further, it appears Plaintiff was barred from keeping the responsive documents after his review. It is here that the Court has concerns, as it does not seem unreasonable for Plaintiff to be able to review documents that are critical to this litigation without his opponent, proverbially, "breathing down his neck." Also, on this record, it is unclear to the Court why the responsive documents could not be stored for Plaintiff at Menard. Absent such an accommodation, Plaintiff must either take as many notes as possible, but perhaps less than are necessary to litigate this case, during the two-hour document review, or rely on his opponent's ability to travel to Menard on other occasions to accomplish a complete document review. The Court is concerned either option will prove untenable due to the onerous burdens placed on all of the parties. As to Plaintiff, he will eventually be expected to comprehensively draft and/or respond to a dispositive motion, rendering a review of the responsive documents essential. Notably, the Court emphasizes that there may be an explanation for the circumstances outlined above, but the Court cannot discern that explanation from the record at the present time.

In short, to the extent Plaintiff is claiming a delay in receiving the responsive documents, his ire cannot be directed solely at Defendants. They complied with the September 15, 2023, deadline, by mailing the responsive documents to Plaintiff at Menard on September 14, 2023. Defendants then took additional steps to ensure the responsive documents reached and were actually reviewed by Plaintiff in a manner consistent with Menard's policies. The additional steps delayed the review of the responsive documents until October 4, 2023, but the Court cannot find Defendants' conduct was sanctionable.

5

As such, Plaintiff's Objection is **OVERRULED** and the Motion for Sanctions is **DENIED**.

However, consistent with the concerns articulated by the Court above, the Warden of Menard, in his official capacity and through a person with knowledge, is **DIRECTED within 14 days** to submit the following information to DWDpd@ilsd.uscourts.gov: (1) the basis for denying Plaintiff's review of the responsive documents in the absence of Defense Counsel; (2) the basis for denying Plaintiff's continued possession of those documents at Menard to facilitate additional reviews, necessary to this litigation, by Plaintiff; and (3) whether Plaintiff has meaningful access to the legal materials and resources reasonably necessary to proceed in this action in accordance with the Court's schedule and deadlines. Upon receipt, the Clerk will be directed to file the submission on the docket. If necessary, the Court will then direct a response from Plaintiff. The Clerk is **DIRECTED** to send a copy of this Memorandum & Order to Warden Anthony Wills.

**SO ORDERED.**

Dated: October 6, 2023.

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge