IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:20-cv-689-DWD |
| CLINT TANNER, MEGAN VANPELT, | ) |
| VIRGINIA CHENG, TRAVIS JAMES, | ) |
| MORGAN WALKER, SHELBY HUEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are *pro se* Plaintiff's various post-judgment filings, including (1) a Motion Pursuant to Federal Rule of Civil Procedure 59 (Doc. 202); (2) an Objection and Motion to Show Cause for Litigant's Attorneys to Appear and Explain the Failure to Comply with Common Law (Doc. 211); (3) a Statement of Additional Facts in Support of the Motion under Rule 59 (Doc. 213); and (4) a Notice and Motion of Objection by Interference and Request for Evidentiary Hearing, which was purportedly filed in accordance with Federal Rule of Civil Procedure 60 and Supreme Court precedent (Doc. 214). Defendants filed Responses to certain of these filings. (Docs. 209 & 217). Further, Plaintiff filed a Reply in Support of the Motion under Rule 59. (Doc. 212). For the reasons explained below, Plaintiff's Motions and Objections are **DENIED** and **OVERRULED**.

### I. BACKGROUND

Following a review of Plaintiff's Amended Complaint, the Court found the following claim could proceed against Defendants James, Cheng, Walker, Tanner, and

VanPelt under 42 U.S.C. § 1983: an Eighth Amendment claim for deliberate indifference toward Plaintiff's serious medical needs. (Docs. 11; 15, pg. 3). Thereafter, Plaintiff filed a Second Amended Complaint against various Defendants. Ultimately, the Court added Defendant Huey, among others, to the Eighth Amendment claim. (Doc. 103, pg. 2). That claim persisted against Defendants James, Cheng, Walker, Tanner, VanPelt, and Huey.

Plaintiff, who was an inmate at Menard Correctional Center, allegedly suffers from serious physical and psychological issues that resulted in a finding of one hundred percent disability by the Department of Veterans Affairs. (Docs. 11 & 96). He was previously treated with benzodiazepines for his pain, arthritis, and psychological issues. (Docs. 11 & 96). However, beginning in July 2018, and continuing through at least November 2018, Defendants allegedly stopped providing his medication and failed to follow a taper-down process to minimize or reduce his withdrawals. (Docs. 11 & 96).

More specifically, on approximately July 22, 2018, Defendant James allegedly allowed the discontinuance of Plaintiff's prescription for Klonopin without an acceptable weening period. (Docs. 11 & 96). Defendant Cheng allegedly refused to restart that prescription at a full dosage. (Docs. 11 & 96). On August 3, 2018, however, Defendant Cheng renewed the prescription at half the original dosage, which was allegedly contrary to medical practices. (Docs. 11 & 96). Defendants VanPelt and Huey, who are mental health professionals, allegedly refused to treat his withdrawal symptoms. (Docs. 11 & 96).

On October 25, 2018, Plaintiff saw Defendant Walker who allegedly "immediately began to deny him his effective medication anew." (Doc. 11). Thereafter, on November 27, 2018, "Plaintiff would…see Dr. Tanner who continued the denial of his effective

2

medication, starting the process anew." (Doc. 11). As a result of the denials of medication, Plaintiff allegedly experienced general pain, chest pain, gastrointestinal distress, muscle tightness and aches, difficulty breathing, profuse sweating, blurry vision, light sensitivity, anxiety, panic attacks, excited delirium, increased aggression, stress, hallucinations, shaking, sleep apnea, detachment, and agitation. (Docs. 11 & 96).

On January 8, 2025, Defendants filed a Motion for Summary Judgment. (Docs. 187 & 188). Plaintiff, who was represented by counsel assigned by the Court, filed a Response in Opposition to that Motion for Summary Judgment on February 7, 2025. (Doc. 189). On February 21, 2025, Defendants filed a Reply in Support of their Motion for Summary Judgment. (Doc. 190). The Court granted Defendants' Motion for Summary Judgment on September 8, 2025. (Doc. 197). Judgment was entered on September 9, 2025. (Doc. 198).

## II. ANALYSIS

Now, the Court may alter or amend its judgment under Rule 59(e) if Plaintiff has clearly established either a manifest error of law or fact or presents newly discovered evidence. *See Beyah v. Murphy*, 825 F. Supp. 213, 214 (E.D. Wisc. 1993); *accord Bradley v. Wisconsin Dep't of Children and Families*, No. 20-cv-661, 2021 WL 363970, *1 (E.D. Wisc. Feb. 3, 2021). A manifest error is not demonstrated by the disappointment of Plaintiff; instead, he or she must show the Court's wholesale disregard, misapplication, or failure to recognize controlling legal precedent. *See Bradley*, 2021 WL 363970 at *1 (quoting *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). Moreover, "a motion to alter or amend a judgment [under Rule 59(e)] is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or

3

to present evidence that was available earlier." *LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (internal citations omitted); *accord Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007). Accordingly, it is clear that Rule 59(e) performs its valuable function when the Court patently misunderstood a party, made a decision outside the issues, or made an error of apprehension rather than reasoning. *See County Materials Corp. v. Allan Block Corp.*, 436 F. Supp. 2d 997, 999 (W.D. Wisc. 2006) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F. 2d 1185, 1191 (7th Cir. 1990)).

Here, notwithstanding the arguments presented by Plaintiff in his *pro se* Motion under Rule 59(e) and Statement of Additional Facts, which the Court has fully considered together with the responsive arguments of Defendants, the Court adheres to its prior summary judgment ruling in its entirety. Plaintiff has not demonstrated, in any way, that it is appropriate for the Court to alter or amend the Judgment under the above-discussed authorities. Accordingly, Plaintiff's Motion Pursuant to Rule 59 (Doc. 202) is **DENIED**.

The Court also has no basis on which to grant or sustain the other *pro se* Motions or Objections. (Docs. 211 & 214). Indeed, they completely lack merit or are procedurally improper. As a result, the Motions or Objections are **DENIED** and **OVERRULED**.

### III. CONCLUSION

For the reasons explained above, Plaintiff's Motions and Objections are **DENIED** and **OVERRULED**.

    **SO ORDERED.**

Dated: February 13, 2026

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge

4