## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS,                )           | |
|               )           | |
|     Plaintiff,          )           | |
|               )           | |
| vs.                )           | Case No. 3:20-cv-689-DWD |
|               )           | |
| CLINT TANNER, MEGAN VANPELT,      )           | |
| VIRGINIA CHENG, TRAVIS JAMES,      )           | |
| MORGAN WALKER, SHELBY HUEY,      )           | |
|               )           | |
|     Defendants.          )           | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are Plaintiff's Declaration, Claims, and Request for Good Faith Certificate of Appealability (Doc. 224) and Petition for Leave to File and Proceed on Appeal *In Forma Pauperis* (Doc. 226). As explained below, the former Request for a Certificate of Appealability is **DENIED as moot** and the latter Petition is **GRANTED**.

Following a review of Plaintiff's Amended Complaint, the Court found the following claim could proceed against Defendants James, Cheng, Walker, Tanner, and VanPelt under 42 U.S.C. § 1983: an Eighth Amendment claim for deliberate indifference toward Plaintiff's serious medical needs. (Docs. 11; 15, pg. 3). Thereafter, Plaintiff filed a Second Amended Complaint against various Defendants. Ultimately, the Court added Defendant Huey, among others, to the Eighth Amendment claim. (Doc. 103, pg. 2). That claim persisted against Defendants James, Cheng, Walker, Tanner, VanPelt, and Huey.

Plaintiff, who was an inmate at Menard Correctional Center, allegedly suffers from serious physical and psychological issues that resulted in a finding of one hundred

percent disability by the Department of Veterans Affairs. (Docs. 11 & 96). He was previously treated with benzodiazepines for his pain, arthritis, and psychological issues. (Docs. 11 & 96). However, beginning in July 2018, and continuing through at least November 2018, Defendants allegedly stopped providing his medication and failed to follow a taper-down process to minimize or reduce his withdrawals. (Docs. 11 & 96).

More specifically, on approximately July 22, 2018, Defendant James allegedly allowed the discontinuance of Plaintiff's prescription for Klonopin without an acceptable weening period. (Docs. 11 & 96). Defendant Cheng allegedly refused to restart that prescription at a full dosage. (Docs. 11 & 96). On August 3, 2018, however, Defendant Cheng renewed the prescription at half the original dosage, which was allegedly contrary to medical practices. (Docs. 11 & 96). Defendants VanPelt and Huey, who are mental health professionals, allegedly refused to treat his withdrawal symptoms. (Docs. 11 & 96).

On October 25, 2018, Plaintiff saw Defendant Walker who allegedly "immediately began to deny him his effective medication anew." (Doc. 11). Thereafter, on November 27, 2018, "Plaintiff would…see Dr. Tanner who continued the denial of his effective medication, starting the process anew." (Doc. 11). As a result of the denials of medication, Plaintiff allegedly experienced general pain, chest pain, gastrointestinal distress, muscle tightness and aches, difficulty breathing, profuse sweating, blurry vision, light sensitivity, anxiety, panic attacks, excited delirium, increased aggression, stress, hallucinations, shaking, sleep apnea, detachment, and agitation. (Docs. 11 & 96).

On January 8, 2025, Defendants filed a Motion for Summary Judgment. (Docs. 187 & 188). Plaintiff, who was represented by counsel assigned by the Court, filed a Response

in Opposition to that Motion for Summary Judgment on February 7, 2025. (Doc. 189). On February 21, 2025, Defendants filed a Reply in Support of their Motion for Summary Judgment. (Doc. 190). The Court granted Defendants' Motion for Summary Judgment on September 8, 2025. (Doc. 197). Judgment was entered on September 9, 2025. (Doc. 198).

Plaintiff, while proceeding *pro se*, subsequently filed various post-judgment filings, including: (1) a Motion Pursuant to Federal Rule of Civil Procedure 59 (Doc. 202); (2) an Objection and Motion to Show Cause for Litigant's Attorneys to Appear and Explain the Failure to Comply with Common Law (Doc. 211); (3) a Statement of Additional Facts in Support of the Motion under Rule 59 (Doc. 213); and (4) a Notice and Motion of Objection by Interference and Request for Evidentiary Hearing (Doc. 214). Ultimately, the Court denied and overruled these Motions and Objections. (Doc. 219).

Now, while proceeding *pro se*, Plaintiff has filed a Declaration, Claims, and Request for Good Faith Certificate of Appealability (Doc. 224) and Petition for Leave to File and Proceed on Appeal *In Forma Pauperis* (Doc. 226). Initially, the Court notes it is not necessary for Plaintiff to receive a certificate of appealability in this case, which was filed under § 1983 and the Eighth Amendment. *See Moore v. Pemberton*, 110 F.3d 22, 23 (7th Cir. 1997) ("[A] certificate of appealability…is not required in § 1983 litigation."); *accord* J*ordan v. Sukowaty*, No. 23-cv-233, 2024 WL 3261916, *1 (E.D. Wisc. July 1, 2024). For this reason, Plaintiff's request for a certificate of appealability is **DENIED as moot**.

Next, a federal court may permit a party to proceed on appeal without the full prepayment of fees if that party is indigent and the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(1), (3); Fed. R. App. P. 24(a)(3)(A); *Walker v. O'Brien*, 216 F.3d 626, 630-31

3

(7th Cir. 2009). The party must submit an affidavit that shows an inability to pay or give security for fees and costs, claims an entitlement to redress, and states the issues to be appealed. Fed. R. App. P. 24(a)(1). An appeal is in good faith if it seeks review of an issue that is not clearly frivolous, meaning a reasonable person could suppose it has some merit. *Walker*, 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)).

Here, the Court **FINDS** Plaintiff may appeal without the full prepayment of fees due to his documented indigence and the fact that the appeal appears to be taken in good faith. In doing so, the Court notes Plaintiff tendered an Affidavit reflecting no income or employment, assets, cash, or bank or other financial accounts. (Doc. 226, pgs. 2-6). He also submitted a Trust Fund Statement that reflects $25.00 in total funds, $18.60 of which are restricted. (Doc. 226, pgs. 7-9). In other words, since Plaintiff has $6.40 available, he is unable to pay or give security for fees and costs. (Doc. 226, pg. 9). Further, Plaintiff has claimed an entitlement to redress, stated the issues to be appealed, and satisfied the good faith standard with the discussion in his Declaration. (Doc. 224, pgs. 2-9).

For these reasons, the Petition for Leave to File and Proceed on Appeal *In Forma Pauperis* is **GRANTED**. However, under § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $32.39. The agency having custody of Plaintiff is **DIRECTED** to forward that initial partial filing fee from Plaintiff's account to the Clerk of the Court upon receipt of this Memorandum & Order. Plaintiff shall then make monthly payments of 20% of the preceding month's income credited to his prison trust fund account (including all deposits to the inmate account from any source) until the $605.00 filing and docketing fee is fully paid. The agency having custody of Plaintiff shall forward payments from his

4

account to the Clerk of the Court each time the account exceeds $10 until the $605.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201. The Clerk of the Court is **DIRECTED** to send a copy of this Memorandum & Order to the Seventh Circuit, Plaintiff, and the Trust Fund Officer at Lawrence Correctional Center.

**SO ORDERED.**

Dated: March 18, 2026

s/ *David W. Dugan*

DAVID W. DUGAN
United States District Judge